NICOLETTI HORNIG & SWEENEY
Wall Street Plaza, 7th Floor
New York, New York 10005-1801
(212) 220-3830
Attorneys for Petitioner
NORTH EAST MARINE, INC.
Our File No.: 10000530 DRH/GSR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF NORTH EAST MARINE, INC., AS OWNER OF THE TUG ELENA, A 35' DECK BARGE AND A 40' DECK BARGE, FOR EXONERATION FROM AND LIMITATION OF LIABILITY | 09-CV-5600 (CBA)(RLM)<br><br>**ANSWERING CLAIMS<br>OF ROBERT BOODY** |

---

Petitioner, NORTH EAST MARINE, INC. ("Petitioner" or "North East"), as Owner of the TUG ELENA, A 35' DECK BARGE AND A 40' DECK BARGE (the "Tug and Barge") by its attorneys NICOLETTI HORNIG & SWEENEY, answers the claims of ROBERT BOODY ("Boody") against North East upon information and belief as follows:

**FIRST:** Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the First Cause of Action against Petitioner North East.

**SECOND:** Admits that the Petitioner North East was and is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

**THIRD:** Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the First Cause of Action against Petitioner North East.

**FOURTH:**  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the First Cause of Action against Petitioner North East.

**FIFTH:**  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of the First Cause of Action against Petitioner North East.

**SIXTH:**  Admit that the Claimant EL SOL CONTRACTING AND CONSTRUCTION CORPORATION ("El Sol") had a contract with the Metropolitan Transportation Authority to do construction and renovation work on the Cross Bay Memorial Bridge.

Except as so admitted, it denies knowledge and information regarding the other allegations contained in paragraph "11" of the First Cause of Action against Petitioner North East.

**SEVENTH:**  Denies the allegations contained in paragraph "12" of the First Cause of Action against Petitioner North East.

**EIGHTH:**  Denies the allegations contained in paragraph "13" of the First Cause of Action against Petitioner North East.

**NINTH:**  Denies the allegations contained in paragraph "14" of the First Cause of Action against Petitioner North East.

**TENTH:**  Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "15" of the First Cause of Action against Petitioner North East.

**ELEVENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "16" of the First Cause of Action against Petitioner North East.

**TWELFTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "17" of the First Cause of Action against Petitioner North East.

**THIRTEENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "18" of the First Cause of Action against Petitioner North East.

**FOURTEENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "19" of the First Cause of Action against Petitioner North East.

**FIFTEENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "20" of the First Cause of Action against Petitioner North East.

**SIXTEENTH:**          Denies the allegations contained in paragraph "21" of the First Cause of Action against Petitioner North East.

**SEVENTEENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "22" of the First Cause of Action against Petitioner North East.

**EIGHTEENTH:**          Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "23" of the First Cause of Action against Petitioner North East.

**NINETEENTH:**    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "24" of the First Cause of Action against Petitioner North East.

**TWENTIETH:**    Denies the allegations contained in paragraph "25" of the First Cause of Action against Petitioner North East.

**TWENTY-FIRST:**    Denies the allegations contained in paragraph "26" of the First Cause of Action against Petitioner North East.

**TWENTY-SECOND:**    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "28" of the Second Cause of Action against North East.

**TWENTY-THIRD:**    Denies the allegations contained in paragraph "29" of the First Cause of Action against Petitioner North East.

**TWENTY-FOURTH:**    Admits that Petitioner North East was the owner of the Tug ELENA on January 29, 2008.

**TWENTY-FIFTH:**    Admits that Petitioner North East was operating the Tug ELENA on January 29, 2008.

**TWENTY-SIXTH:**    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "32" of the Second Cause of Action against Petitioner North East.

**TWENTY-SEVENTH:**    Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "33" of the Second Cause of Action against Petitioner North East.

**TWENTY-EIGHTH:**     Admits that Petitioner North East manned the Tug ELENA on January 29, 20008.

**TWENTY-NINTH:**     Admits that Petitioner North East owned a 35' Deck Barge and a 40' Deck Barge.

Except as so admitted, it denies knowledge and information sufficient to form a belief as to the other allegations contained in paragraph "35" of the Second Cause of Action against Petitioner North East.

**THIRTIETH:**     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "36" of the Second Cause of Action against Petitioner North East.

**THIRTY-FIRST:**     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "37" of the Second Cause of Action against Petitioner North East.

**THIRTY-SECOND:**     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "38" of the Second Cause of Action against Petitioner North East.

**THIRTY-THIRD:**     Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph "39" of the Second Cause of Action against Petitioner North East.

**THIRTY-FOURTH:**     Denies the allegations contained in paragraph "40" of the Second Cause of Action against Petitioner North East.

**THIRTY-FIFTH:**     Denies the allegations contained in paragraph "41" of the Second Cause of Action against Petitioner North East.

**THIRTY-SIXTH:**          Denies the allegations contained in paragraph "42"

of the Second Cause of Action against Petitioner North East.

**THIRTY-SEVENTH:**          Denies the allegations contained in paragraph "43"

of the Second Cause of Action against Petitioner North East.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**THIRTY-EIGHTH:**          The First and Second Causes of Action against

Petitioner North East failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**THIRTY-NINTH:**          The injuries, if any, alleged to have been sustained

by Robert Boody were solely and proximately caused by the failure of Robert Boody to

exercise that degree of care for his own safety, and the exercise of ordinary care that a

reasonably prudent person would have exercised under the same or similar circumstances.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**FORTIETH:**          The injuries, if any, alleged to have been sustained

by Robert Boody were caused, in whole or in part, by the acts or failure to act of a third-party

over whom the Petitioner North East had no control.

**WHEREFORE,** the Petitioner prays that this Honorable Court:

1.    Adjudges and decrees that Petitioner is not liable to any extent, for any loss, damage, injury or death, for any claims arising out of the incident alleged to have occurred on January 29, 2008;

2.    Alternatively, if Petitioner should be adjudged liable to any extent, then such liability should limited to the amount of the value of the Tug and Barge  immediately following the incident, and that Petitioner be discharged therefrom upon surrendering said value and that the money

6

surrendered, paid or secured be paid to the Claimants as they may duly prove their claims in accordance with the Limitations of Liability Act, 46 U.S.C. §30501 *et seq.* and that Petitioner be discharged from any and all further liability; and

3.    That Petitioner may have such other, further and different relief as may be just and proper.

Dated: New York, New York
      April 20, 2010

               NICOLETTI HORNIG & SWEENEY
               Attorneys for Petitioner
               NORTHEAST MARINE, INC.

By: _____
               David R. Hornig (DH 1599)
               Guerric S.D.L. Russell (4845)
               Wall Street Plaza
               88 Pine Street, 7th Floor
               New York, New York 10005-1801
               Telephone No.: (212) 220-3830
               Facsimile No.:  (212) 220-3780
               E-Mail:  dhornig@nicolettihornig.com
               (FILE NO.: 10000530 DRH/GSR)

TO:

HOFMANN & ASSOCIATES
Attorneys for Claimant
ROBERT BOODY
360 West 31st Street, Suite 1506
New York, New York 10001-2727
Tel. No.: (212) 465-8840

Attention:    Elizabeth Blair Starkey, Esq.

PILLINGER MILLER TARALLO, LLP
Attorneys for Claimant
EL SOL CONTRACTING and
CONSTRUCTION CORPORATION
570 Taxter Road, Suite 275
Elmsford, New York 10523
Tel. No.: (914) 703-6300
File No.: LIB-00105/JTM

Attention:      Jeffrey T. Miller, Esq.


RUBIN, FIORELLA & FRIEDMANN LLP
Attorneys for Claimants
FRANCOIS GUILLET and
METRO MARINE SALES, INC.
292 Madison Avenue, 11th Floor
New York, New York 10017
File No.: 431-14563

Attention:      Brendan Burke, Jr., Esq.


X:\Public Word Files\1\530\LEGAL\EASTERN DISTRICT ACTION\ANSWER TO CLAIM OF ROBERT BOODY.mar.doc

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )

                    :   S.S.:

COUNTY OF NEW YORK)

           MARY ANN RAARUP, being duly sworn, deposes and says:

       1.     I am employed by the firm of NICOLETTI HORNIG & SWEENEY, attorneys for Petitioner NORTH EAST MARINE, INC.  I am not a party to this action, am over 18 years of age, and reside in Suffolk County, New York.

       2.     On April 21, 2010, I served the annexed ANSWERING CLAIMS OF ROBERT BOODY upon the following:

                  HOFMANN & ASSOCIATES
                  Attorneys for Claimant
                  ROBERT BOODY
                  360 West 31st Street, Suite 1506
                  New York, New York 10001-2727
                  Tel. No.: (212) 465-8840

                  <u>Attention</u>:     Elizabeth Blair Starkey, Esq.

                  PILLINGER MILLER TARALLO, LLP
                  Attorneys for Claimant
                  EL SOL CONTRACTING and
                  CONSTRUCTION CORPORATION
                  570 Taxter Road, Suite 275
                  Elmsford, New York 10523
                  Tel. No.: (914) 703-6300
                  File No.: LIB-00105/JTM

                  <u>Attention</u>:     Jeffrey T. Miller, Esq.

                  RUBIN, FIORELLA & FRIEDMANN LLP
                  Attorneys for Claimants
                  FRANCOIS GUILLET and
                  METRO MARINE SALES, INC.
                  292 Madison Avenue, 11th Floor
                  New York, New York 10017
                  File No.: 431-14563

                  <u>Attention</u>:     Brendan Burke, Esq.

at the address(es) designated by said attorney(s) for that purpose, by depositing true copy(ies) of same enclosed in postpaid, properly addressed wrapper(s) in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York for overnight delivery.

MARY ANN RAARUP

Sworn to before me this
21st day of April, 2010.

Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20 11