# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY

PAUL T. HOFMANN*
TIMOTHY F. SCHWEITZER*

DARIO ANTHONY CHINIGO*
JAMES G. FITZSIMONS
ELIZABETH BLAIR STARKEY
JESSICA JUSTE*
*ALSO ADMITTED IN NJ

360 WEST 31st STREET

NEW YORK, NEW YORK 10001-2727

(212) 465-8840

FAX (212) 465-8849

E-MAIL: INFO@HOFMANNLAWFIRM.COM

WEB PAGE: WWW.HOFMANNLAWFIRM.COM

NEW JERSEY OFFICE:
1130 ROUTE 202 SOUTH
SUITE A7
RARITAN, NJ 08869
(908) 393-5662

January 19, 2011

Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   In the Matter of the Petition of North East Marine, Inc., et al.
      Docket # 09-Cv-5600

Dear Magistrate Judge Mann:

  Our office represents a claimant, Robert Boody, in this matter. The plaintiff, or Petitioner, is Northeast Marine, Inc. which brought this limitation of liability proceeding under 46 USC § 30501 et seq., after Mr. Boody had filed a personal injury action in the state court for injuries he suffered at a construction site on the Cross-Bay Memorial Bridge in Rockaway, New York.

  Claimant Boody seeks to limit this action to simply a trial of the question as to whether Northeast Marine, Inc. is entitled to limitation of its liability. All other issues, claimant posits, are not within this court's jurisdiction without claimant's consent, which claimant continues to assert he does not wish to give. Thus, the issues Mr. Boody has against the other parties, El Sol Construction, Francois Guillet and Metro Marine, Inc., should not be before the court. I write to update the court of the status of this case, which has had quite a few twists and turns since our last communication with the court. We also seek the court's intervention on discovery matters that have arisen.

  The parties are mindful of the prior scheduling order entered on May 3, 2010, by which discovery was to be concluded and a 'settlement conference' was to be held on November 10, 2010. The court will further recall that on September 13, 2010, our office wrote with consent of counsel seeking additional time to complete discovery. One of the reasons for the request was that, on behalf of claimant Boody, we had contacted Judge Amon seeking a pre-motion conference seeking permission to move the court to stay the entire federal proceeding and remand the matter to the state court for proper adjudication, reserving to Petitioner Northeast Marine, Inc. the right to return to the federal court to try its claim for limitation.

  Judge Amon held the pre-motion conference on October 20, 2011. Claimant Boody argued that the time was appropriate for the parties to enter into stipulations that would lead to a stay of the within proceedings, and remand the case to the state court for trial of liability and damages, but reserving the right of North East to return to this court for a trial of the issue of its privity or knowledge of the fault leading to the incident, in event the state court found North East liable. Claimant Boody has offered appropriate stipulations which would protect those maritime rights to Northeast, but which would permit

HOFMANN & SCHWEITZER

-Page 2-

him to pursue his claims in state court, per the Savings to Suitors Clause within 28 USC § 1331(1).

Judge Amon denied with leave to renew claimant's request to pursue the motion for a stay of these proceedings. She directed the parties to proceed with discovery of all of the 'defendant' aligned parties, which has now been ongoing, but not yet completed. Your honor rescheduled the settlement conference to February 7, 2011, with the understanding of the parties to continue depositions.

For this reason, and several others outlined below, claimant Boody, with the consent of all parties, asks that the conference scheduled for February 7, 2011 be converted to a status conference.

## DISCOVERY PROBLEMS

A.  Claimant Boody *vis a vis* North East Marine, Inc. Claimant Boody needs assistance of the court in compelling the discovery that is relevant to many of the issues raised in the limitation proceedings, but which has not been provided, but should have been provided long ago. For instance, from defendant Northeast, at the deposition of the principal thereof, Mr. Francois Guillet, taken on December 20, 2010, Mr. Guillet identified numerous documents, and information, that had not been provided in his company's prior discovery responses. Those items were requested at the deposition on the record. Further, our office sent follow up letters restating these demands and requesting the materials be provided immediately so that ongoing discovery could be accomplished. Unfortunately, none of the requested items were provided. The requests are outlined on the two letters annexed as exhibit 1. I spoke with Mr. Hornig, North East's counsel, and he advises that although he requested these materials from his client, the client has not provided the materials to him. Thus, an order to the client is necessary.

### From El Sol Construction

El Sol Construction company was the general contractor on the construction site which sub-contracted some of its work to claimant-Boody's employer, Caribe Corporation.

Regarding the relevant issues of notice of conditions, knowledge and investigation of the incident, documentation and pictoral history of progress of the work at the jobsite and control over certain entities and equipment related to the accident of Mr. Boody, documents were requested from party El Sol Construction by the annexed document demand, dated December 7, 2011. Ex. 2. The demand called for relevant documents that El Sol had, or may have, in its possession. El Sol, by counsel, has refused to provide a formal response to the request, rather, counsel sent a letter, dated January 5, 2011, by which it made its refusal to provide the documents requested, and stated that counsel considered the demands to be 'vague, overbroad and unduly burdensome'. (Ex. 3). We then spoke to counsel, Terri Hall, Esq., and pointed out, in our letter of January 7, 2011, that FRCP Rule 34 requires proper objections and responses to each of the specific demands. (Ex. 4). We then followed up with a second letter attempting, again, to work out the dispute professionally. (See ex.5, letter of January 11, 2011).

Claimant Boody requires the court's intervention in this regard. The documents sought, that this party likely has in its possession, is of great significance to determining liability in this case, and further, El Sol's involvement and also, which of the related "Francois Guillet" entities is a proper petitioner.

We note that El Sol's witness, Nicholas Gikas, a project supervisor, is to appear for his deposition on this Tuesday, January 25, 2011. The documents in question are important to that deposition, and if they are not supplied prior thereto, it will require further testimony from the witness.

-Page 3-

Counsel also stated that "it is impossible to ascertain to which party the demand is directed." This is a pure fabrication. The demands that are directed to El Sol, as a party, and those in particular, as the general contractor on the project, are clear. Even with respect to certain documents requested that might have been created by the subcontractor-employer in the first place, as general contractor on a municipal construction project, there is a likelihood that El Sol would have copies in its job file. Thus, the refusal to provide the documents, and proper responses, is prejudicial and unwarranted.

*Medical Discovery, Expert Disclosure*: It is important to note that Mr. Boody is still under the care of several physicians, is still receiving workers compensation benefits, and has not yet approached maximum medical improvement. It is totally impossible at this time to determine what level of disability, if any, he will have once his treatments are concluded. It is for this reason that claimant Boody, and his counsel, wish to have this case remanded for further proceedings in the state court, where the timing of the medical investigation would not be truncated. Your Honor's prior scheduling order would have expert discovery be performed if the settlement conference was unsuccessful shortly after that conference. As to medical issues, it is claimant Boody's position that the medical and damages aspects of his claim do not belong in the federal court in this proceeding, and only Petitioner's right to limitation of its liability should be before the court. Further, in that Mr. Boody is still under active treatment, he cannot reasonably provide for expert disclosures at the current time. Any opinions at this point would be speculative until his medical and disability pictures are clarified.

*Request by Claimant Boody to Have the Settlement Conference Converted to a Status Conference*
Returning to the issue of the settlement conference scheduled for February 7, 2011, it appears that with these many issues outstanding that the conference should be converted to a status conference. Please recall that the parties are working under the order of Judge Amon to complete party discovery preliminary to the motion to remand. That discovery is now being completed. Mr. Boody was deposed on October 8, 2010. Petitioner North East Marine, Inc. and Metro Marine (in the person of Francois Guillet) appeared for deposition on December 20, 2010. On January 4, 2011, Robert Zervis, a non-party former boat captain of North East testified as an eye-witness to the events, and identified several other witnesses. El Sol has promised its witness for January 25, 2011. Claimant Boody is in the process of subpoenaing his former employer, Caribe Corporation, for a deposition claimant hoped to take on January 21, 2011. Caribe requested additional time to comply with the subpoena. We are continuing our efforts to bring in that company's witness so that all relevant information has been analyzed. That may take several weeks to accomplish, as well as the investigation of the other eye-witnesses.

North East has just named a witness for deposition, Robert Griffith, it never before disclosed. They have not provided the witness' name and address as required by Rule 26. We have asked for that information and Mr. Hornig said he will provide it, but so far he has not done so. His deposition is scheduled for January 27, but it will have to be adjourned as I will be unavailable because I am starting a trial in Nassau County that day.

Respectfully yours,

HOFMANN & SCHWEITZER

By: _____
Paul T. Hofmann

PTH/gh

enc.

c: All counsel via ECF