**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**NORTH EAST MARINE, INC., et al.,**

                            **Plaintiffs,**

       -against-

**ROBERT BOODY, et al.,**

                            **Defendants.**
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

**09-CV-5600 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       Claimant Boody -- who, in his application, incorrectly refers to himself as "plaintiff" -- has written to the Court to "follow-up" on a letter-motion filed by him on January 19, 2011. See Letter to the Court from Paul T. Hofmann (Feb. 24, 2011) ("2/24/11 Claimant Letter") at 1, ECF Docket Entry ("D.E.") #41; see also Letter to the Court from Paul T. Hofmann (Jan. 19, 2011) ("1/19/11 Boody Letter"), D.E. #26. Specifically, claimant complains that the Court's Memorandum and Order dated February 3, 2011 ("M&O"), D.E. #39, "did not address [claimant's] complaint with respect to [plaintiff] North East Marine not providing requested discovery." 2/24/11 Claimant Letter at 1. Claimant seeks an order compelling North East to provide discovery that was demanded during the deposition of Francois Guillet. See generally id.

       As an initial matter, the Court's Memorandum and Order did in fact reference documents that claimant sought from plaintiff North East. See M&O at 2. While the Court did not rule on claimant's demands for documents at the Guillet deposition, those demands

were not ripe for review, as the time for responding to those demands -- which were embodied in writing and sent to plaintiff's counsel on January 4, 2011 and January 18, 2011, see 2/24/11 Claimant Letter at 2-4 -- had not yet expired. See Fed. R. Civ. P. 34(b)(2)(A).[1] Although, in the intervening period, the deadline for responding to the January letter-demands has expired, the pending motion to compel does not include any certification that the movant in good faith has conferred or attempted to confer with plaintiff's counsel in an effort to obtain the documents sought without court action. See Fed. R. Civ. P. 37(a)(1); see also E.D.N.Y. Local Civ. R. 37.3(a). Therefore, the issue is still not ripe for judicial resolution.

Accordingly, claimant's motion to compel is denied without prejudice.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**February 25, 2011**

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1] Although claimant implies that the discovery at issue should have been produced in North East's "prior discovery responses," 2/24/11 Claimant Letter at 1, in none of claimant's motions to compel has he sought to establish that any of the materials demanded at the Guillet deposition were responsive to claimant's prior document demands.