# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY

PAUL T. HOFMANN*
TIMOTHY F. SCHWEITZER*

DARIO ANTHONY CHINIGO*
ELIZABETH BLAIR STARKEY
*Also Admitted in NJ

360 WEST 31st STREET
NEW YORK, NEW YORK 10001-2727
(212) 465-8840
FAX (212) 465-8849
E-MAIL: INFO@HOFMANNLAWFIRM.COM
WEB PAGE: WWW.HOFMANNLAWFIRM.COM

NEW JERSEY OFFICE:
1130 Route 202 South
SUITE A7
Raritan, NJ 08869
(908) 393-5662

August 1, 2011

Via ECF

Hon. Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   In the Matter of the Petition of North East Marine, Inc., et al.
      09 Civ. 5600 (CBA)(RLM)

Dear Judge Amon:

At the pre-motion conference scheduled before you on August 9, 2011, claimant Robert Boody, who our office represents, shall also discuss his intention of moving to dismiss the petition for limitation on the grounds that limitation has not been sought on behalf of any vessel which as a matter of fact or law would entitle the owner to limitation.

The court will note that the proceeding is brought on behalf of the Tug ELENA and two unnamed barges. The ELENA, the petitioner has conceded, was not involved in the incident, thus, as a matter of fact and law, limitation regarding it is unavailable under the statute. All evidence shows that the offending vessel was the Tug OSAGE, which has not been named in the limitation proceeding. Any attempt to amend to add it would be fruitless as the six month limitation period within the Limitation of Liability Act has long passed. (The state court personal injury complaint filed in 2009 specifically states that the OSAGE was the offending vessel causing claimant's injuries).

As to the barges named in the petition, under relevant case law, they are not considered to be offending vessels. One barge, like the ELENA, is a passive bystander and not related to the incident. The other barge, which was being pushed by the OSAGE, as a matter of law, is considered to be an innocent bystander, and it is the tug boat by which the barge was being pushed at the time of the tort that can be held liable, and thus, can benefit by the statute.

HOFMANN & SCHWEITZER

-Page 2-

Please note that we have asked Petitioner to voluntarily discontinue the action, and are awaiting its response. If the action is not discontinued, we will raise these additional issues at the conference.

Thank you for your continued attention to this matter.

Respectfully yours,

HOFMANN & SCHWEITZER

By: _____
Paul T. Hofmann

PTH/gh

c: David Hornig, Esq.
Terri Hall, Esq.
Joseph Donat, Esq.
John J. Hession, Esq.
Keith Brady, Esq.