# HOFMANN & SCHWEITZER

COUNSELLORS AT LAW AND PROCTORS IN ADMIRALTY

PAUL T. HOFMANN*
TIMOTHY F. SCHWEITZER*
———
DARIO ANTHONY CHINIGO*
ELIZABETH BLAIR STARKEY
*Also Admitted in NJ

360 WEST 31st STREET
NEW YORK, NEW YORK 10001-2727
(212) 465-8840
FAX (212) 465-8849
E-MAIL: info@hofmannlawfirm.com
WEB PAGE: www.hofmannlawfirm.com

NEW JERSEY OFFICE:
1130 Route 202 South
SUITE A7
Raritan, NJ 08869
(908) 393-5662

August 12, 2011

Via ECF

Honorable Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: In the Matter of the Petition of North East Marine, Inc., et al.
09 Civ. 5600 (CBA)(RLM)

Dear Judge Amon:

After discussions among counsel, it appears that the parties cannot work out a stipulation to dismiss the limitation proceeding, and we will need a further status conference to discuss necessary motion practice.

On the issue discussed with the court earlier this week as to whether a barge being towed can itself be liable for the torts in which it was involved, *Liverpool, Brazil & River Plate Steam Nav Co Ltd v. Brooklyn Eastern District Terminal,* 251 U.S. 48 (1919) to which I cited the court previously, is not the final word on the issue. That case has been distinguished numerous times, such as in *Sacramento Nav. Co. v. Salz,* 273 U.S. 326 (1927) and *Cenac Towing, Inc. v. Terra Resources, Inc.,* 734 F.2d 251 (5th Cir. 1984), and others, wherein it has been held that when a tug and its tow are involved in a tort, where both have common ownership and both were under common command, then both can be liable, and both must be tendered in the limitation proceeding, failing which the court loses jurisdiction over the petition. Here, that failure exists because North East failed to name the OSAGE.

"When the 'offending' vessel in whose behalf limitation is claimed is not one vessel but a flotilla (for example, a tug and her tows), the question is raised whether the whole flotilla must be surrendered or only the particular vessel which was most immediately involved in the collision.' Gilmore & Black, The Law of Admiralty 716, fn. 132 (1957)." *Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.* 377 F.2d 724 (5th Cir. 1967). "... [T]o limit liability for breaches of duties incidental to a contract, all vessels which take part in the undertaking must be surrendered." *Standard Dredging Co. v. Kristiansen,* 67 F.2d 548, 550 (2 Cir. 1933).

HOFMANN & SCHWEITZER

-Page 2-

On this point, the Supreme Court, in *Sacramento Nav. Co. v. Salz*, 273 U.S. 326 (1927), cited with approval *The Columbia*, 73 F. 226 (9th Cir 1896). It described the holding as follows:

> In *The Columbia, supra,* it was held that a barge having no motive power and a tug belonging to the same owner and furnishing the motive power constituted one vessel for the purposes of the voyage. In that case, wheat was to be transported by means of the barge, and the owner of the barge and tug undertook the transportation...It was accordingly held that, without surrendering both vessels, the owner was not entitled to the advantages of Revised Statutes, § 4283 et seq. (Comp. St. § 8021 et seq.), providing for a limitation of liability of 'the owner of any vessel,' etc.

*Sacramento Nav. Co. v. Salz*, 273 U.S. 326, 331(1927)

As such, it remains claimant Boody's position that this action should be dismissed due to improper pleading and failure to surrender all of the at-fault vessels by North East. In the alternative, claimant further contends that if the court disagrees and maintains the action, it should be stayed and the case remanded to the state court for a trial of liability and damages, reserving to petitioner the right to a subsequent trial on the issue of the owner's privity and knowledge.

Respectfully yours,

HOFMANN & SCHWEITZER

By _____
Paul T. Hofmann

PTH/gh

c: Via ECF
Terri Hall, Esq.
David Hornig, Esq.
John J. Hession, Esq.