UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN THE MATTER OF THE PETITION OF
NORTH EAST MARINE, INC., AS OWNER
OF THE TUG ELENA, A 35' DECK BARGE
AND A 40' DECK BARGE,
FOR EXONERATION FROM AND
LIMITATION OF LIABILITY
------------------------------------------------------------------X

09 Civ. 5600 (CBA)(RLM)

**Electronically Filed**

# MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANT ROBERT BOODY'S MOTION TO DISMISS THE LIMITATION PROCEEDING OR, IF DENIED, MOTION TO STAY PROCEEDING AND REMAND TO STATE COURT

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY
Attorneys for Petitioner North East Marine
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005-1801
(212) 220-3830

Of Counsel:

David R. Hornig (DH-1599)
Guerric S.D.L. Russell (GR-4845)

## **PRELIMINARY STATEMENT**

Petitioner North East Marine, Inc. (hereinafter "Petitioner" or "North East") by and through its attorneys, Nicoletti Hornig & Sweeney, respectfully submits this Memorandum of Law in Opposition of Claimant Robert Boody's ("Boody") motion to dismiss the limitation proceeding or, if denied, motion to stay proceeding and remand action to State Court.

This matter relates to a claim for personal injuries allegedly sustained by claimant Robert Boody on January 29, 2008, while working on a construction project at the Cross-Bay Bridge. Petitioner was/is the owner of two barges and two tugs (the ELENA and OSAGE) who were present at the construction site. Boody claims to have been injured while walking on a pier when a line tied to one of the barges (and not a tug) tightened around his leg as a result of wave action. *See*, Exhibit "A" at p. 94-111.[1]

There is no dispute that Petitioner timely commenced the instant limitation action relating to this January 29, 2008, incident. In furtherance of this limitation proceeding, Petitioner submitted *Ad Interim* stipulations for the two barges and the Tug ELENA. The instant motion boils down to a dispute as to whether this limitation fund is sufficient because the Tug OSAGE was not included.

Although North East does not concede that the flotilla doctrine relied upon by Boody governs this proceeding (as there is a pure tort exception which may apply), in an effort to dispose of the issue, North East's underwriters have executed an additional *Ad Interim* stipulation for the Tug OSAGE. *See*, Exhibit "B". All parties were advised of this development before claimant Boody filed the instant motion. *See*, Exhibit "C". As

---

[1] The referenced exhibits are those attached to the Affidavit of David R. Hornig dated October 21, 2011, which is submitted in opposition to the pending motions before the Court.

Petitioner will show, submitting this stipulation satisfies any issues as to whether the fund is sufficient to avoid dismissal of this Limitation Proceeding. Furthermore, the expiration of the six-month statute of limitation to commence a limitation action does not preclude Petitioner's right to add the Tug OSAGE to make the fund adequate and avoid dismissal of this action.

Claimant Boody's alternative efforts to stay this action, are also misguided because the Stipulation he offers simply fails to adequately protect Petitioner's paramount rights to limit its liability pursuant to Section 30501 et seq. (formerly 183 et seq.) of Title 46, United States Code and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## LEGAL ANALYSIS

### POINT I

### AN INADEQUACY OF THE LIMITATION FUND DOES NOT REQUIRE DISMISSAL WHERE THE PETITIONER AGREES TO ADD THE MISSING VESSEL

In the instant motion, claimant Boody alleges that the Tug OSAGE is a necessary vessel for the purposes of this Limitation Proceeding pursuant to the flotilla doctrine. The flotilla doctrine requires a limitation fund to include the value of all vessels involved to the extent the following three elements are satisfied: (1) the vessels are owned by the same person; (2) the vessels are engaged in a common enterprise and (3) the vessels are under a single command. *See, Foret v. Transocean Offshore (USA), Inc.*, 2011 WL 3818635, *1 (E.D.La. 2011). Other than to claim that one of the barges involved was tied to the Tug OSAGE, claimant Boody has failed to prove that these three (3) conditions were present to trigger the flotilla doctrine with respect to the Tug OSAGE.

2

Nevertheless, for the purposes of this motion, petitioner will assume (without conceding the same) that the Tug OSAGE was part of the flotilla as it relates to the limitation fund.

A. **Dismissal is warranted only if petitioner refuses to add the necessary vessel**

Where a vessel of a flotilla is missing from the limitation fund, the proper course of action is to allow the petitioner to add the missing vessel to increase the limitation fund. *See, In the Matter of Offshore Specialty Fabricators, Inc.,* 2002 WL 827398 (E.D.La. 2002)(holding that where a flotilla existed, missing vessels were to be added to limitation fund); *In the Matter of Falcon Workover Company, Inc.,* 1999 WL 243657, *5 (E.D.La. 1999)(holding that where all vessels in a flotilla have not been included in the limitation proceeding, the proper course is to add those missing vessels to increase the fund); *Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Company,* 377 F.2d 724 (5th Cir. 1967)(holding that proper recourse in the instance of a flotilla is to require the petitioner to add the missing vessels to the limitation fund); *Petition of Western Transportation,* 194 F.Supp. 834 (D.Or. 1961)(holding that petition of owner of tug and barge would be dismissed unless petitioner added tug to the limitation fund); *United States Dredging Corp. v. Krohmer,* 264 F.2d 339 (2d Cir. 1959)(holding that dismissal of limitation is only appropriate if owner refuses to surrender all necessary vessels).

In fact, the very cases claimant Boody relies upon support the addition of the Tug OSAGE in lieu of dismissal of the limitation action. In *Standard Dredging Co. v. Kristiansen,* the petitioner was specifically given the option to add the missing vessel or face dismissal. *See, Standard Dredging,* 67 F.2d 548, 549-50 (2d Cir. 1933). Likewise in *Cenac Towing, Inc. v. Terra,* the claimant specifically moved to add additional vessels to

3

the limitation fund under the flotilla doctrine, which the Court found appropriate to the extent the doctrine was applicable. *See, Cenac Towing*, 734 F.2d 251 (5th Cir 1984).

Here, petitioner has obtained from its underwriters an *Ad Interim* Stipulation for the Tug OSAGE, which it respectfully submits for the Court's approval. Under these circumstances, the Court should not dismiss the limitation proceeding on the basis of an inadequate fund. Dismissal is only appropriate where the petitioner refuses to add all necessary vessels once it is determined that a flotilla exists. Alternatively, if the Court is inclined not to allow petitioner to add the Tug OSAGE to the limitation fund, then exoneration should be granted to the Tug ELENA, 35 Foot Deck Barge and 40 Foot Deck Barge as claimant Boody has already conceded that they had nothing to do with the incident and have no liability for the same. *See*, Exhibit "D". If the Court were to grant exoneration to those vessels, this proceeding would be completed.

**B.      The six month statute of limitations does not preclude petitioner from adding a necessary vessel to the limitation fund**

The Court should also not be persuaded by Boody's claim that the expiration of the six month statute of limitations prohibits petitioner from adding the Tug OSAGE to the limitation fund. This very argument was rejected *In the Matter of the Complaint of Midland Enterprises, Inc.*, which held:

> The United States urges that the failure of the petitioners to transfer the Orco (or deposit her value) within the six month period is a jurisdictional defect and that, therefore, this limitation proceeding should be dismissed. In Black Diamond S.S. Corp. v. Robert Stewart & Sons, 336 U.S. 386, 69 S.Ct. 622, 93 L.Ed. 754 (1949) in a situation in which the ad interim stipulation was substantially deficient, the District Court on so concluding dismissed on the jurisdictional ground. The Court of Appeals affirmed, United States v. Robert Steward & Sons, 167 F.2d 308 (2d Cir.), the Supreme Court reversed-

> 'And perhaps it is well to add in passing, in view of the six-month limitation (4285) on proceeding under that statute, remand to the District Court in order to give Black Diamond an opportunity to file a larger bond would have been a better course, since the defect was not jurisdictional, than affirmance of dismissal.'
>
> Such is the course usually followed by the admiralty courts in similar situations. United States Dredging Corp. v. Krohmer, 264 F.2d 339 (2d Cir. 1959)(a 'quasi' consensual situation involving surrender of additional vessels); Petition of Western Transportation Co., supra. (a strict tort case); Brown & Root Marine Operators v. Zapata Off-Shore Co., 377 F.2d 724 (5th Cir. 1967)(a consensual case); United States Dredging Corp. v. Krohmer, 264 F.2d 339 (2d Cir. 1959)(a quasi consensual case)
>
> This Court has jurisdiction and it is so held. The motion to dismiss will be overruled. Of course, if the petitioners fail to comply with the provisions of the Order entered this date (i.e. fail to surrender the Orco and her freight, or deposit or stipulate the value thereof) these proceedings will be dismissed)

*In the Matter of the Complaint of Midland Enterprises, Inc.*, 296 F.Supp. 1356, 1364 (S.D.Ohio 1968); *see also, Black Diamond S.S. Corporation v. Robert Stewart & Sons*, 336 U.S. 386, 394-95 (U.S. 1949)(holding that where limitation bond posted was too small or inadequate, better course is to allow the petitioner to file a larger bond than to dismiss the petition on the six-month statute of limitations because the defect is not jurisdictional)

Moreover, claimant Boody has not provided any case law to support this argument. The *Doxsee Sea Clam Co., Inc. v. Brown*, 13 F.3d 550 (2d Cir. 1994), and *Complaint of Morania Barge No. 190*, 690 F.2d 32 (2d Cir. 1982), decisions merely state that a limitation action must be commenced within 6 months of written notice. There is no dispute that Petitioner timely filed this Limitation Proceeding and these cases do not

5

pertain to the addition of a vessel to an already pending limitation action. Similarly, Boody's reliance on *Billiot v. Dolphin Services, Inc.* 225 F.3d 515 (5th Cir. 2000) is misguided because that case merely had to do with whether the six month period had tolled where the claimant had misidentified the vessel.

## POINT II

### THE ALTERNATIVE MOTION SHOULD BE DENIED BECAUSE THE STIPULATION EXECUTED BY CLAIMANT BOODY DOES NOT ADEQUATELY PROTECT PETITIONER'S RIGHTS TO LIMITATION

There can be no dispute that this limitation proceeding involves multiple claimants. In addition to Mr. Boody's claim for the personal injuries he allegedly sustained on or about January 29, 2008, claims have also been asserted by El Sol Contracting and Construction Corporation ("El Sol"), Francois Guillet ("Guillet") and Metro Marine Sales, Inc. ("Metro") seeking full indemnity and/or contribution.[2] It is well settled in the Second, Third, Fifth and Eleventh Circuits that these claims for indemnity and contribution create a multiple claimant situation that necessitates a *concursus* pursuant to the Limitation Act. *See, W.E. Hedger Trans. Corp. v. Gallotta*, 145 F.2d 870 (2d Cir. 1944)(L.Hand., J.); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1980); *Gorman v. Cerasia*, 2 F.3d 519 (3d Cir. 1993); *Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996); *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996). Claimant Boody's attempts to rely on an older and minority view from the Eighth and Sixth Circuits that conclude otherwise should not persuade the Court – especially when claimant Boody acknowledges that they are inconsistent with established Second Circuit precedent (*see, In re Dammers, supra.*).

6

The Stipulation offered by claimant Boody should not be accepted by the Court because it fails to protect Petitioner's paramount interest to limit its liability. First, the Stipulation is not executed by all claimants. Contrary to the representation of claimant Boody, the statements of El Sol's counsel do not state that she will execute the stipulation. At best, counsel states that El Sol joins in Boody's request to lift the injunction so that the State Court action can proceed. Thus, while claimant El Sol may have no objection to the Stipulation, it certainly has not agreed to be bound by any of its terms or to similarly refrain from pursuing any award against North East obtained in the State Court action. Furthermore, claimant Guillet has never agreed to proceed in State Court or be bound by Stipulation.

As the Second Circuit noted in the *In Re Dammers* decision, which is heavily relied upon by Boody, when evaluating a stipulation filed to lift the stay restraining suits, the paramount interest is to ensure that the shipowner is fully protected and will not face liability in excess of the limitation fund. *See, In Re Dammers*, 836 F.2d 750, 759-60. While we note that the Stipulation submitted by claimant Boody in this action is similar to the one at issue in *In Re Dammers*, there is a significant difference between the two cases – the value of the limitation fund. It is this difference that makes Boody's Stipulation inadequate to protect North East from liability in excess of the limitation fund.

Claimants El Sol and Guillet each seek full indemnity from North East. If North East is found liable for indemnity, this would potentially include an award of attorneys fees and costs, which is separate from any liability the claimants intend to pass through to North East. Claimant Boody seeks to deal with this issue, by stipulating that he will not

---

[2] Claimant Metro Marine has since withdrawn its claim.

7

seek to enforce any judgment issued in the Queens County Supreme Court against any defendant/claimant in excess of the limitation fund and to give priority to any claims for attorneys' fees and expenses. This may have been sufficient in *In Re Dammers* because the limitation fund totaled $7,671,000.00, an amount which easily would cover any attorney fee award. However, in this case, the limitation fund is only $90,000.00 (including the *Ad Interim* Stipulation for the Tug OSAGE), an amount which will likely be less than any attorney fee award. Under these circumstances, despite the fact that Boody would not seek to enforce its judgment against the other claimants, North East could still be exposed in excess of the limitation fund if required to pay any attorneys' fees award – a liability claimant Boody has no control over.[3] Likewise, neither the El Sol nor Guillet claimants have agreed to withdraw their claims for attorneys' fees and costs. Thus, the Boody Stipulation fails to adequately protect North East should these claimants be awarded their defense costs and attorneys' fees in the State Court action. *See, The Complaint of Kirby Inland Marine*, LP, 237 F.Supp.2d 753, 755-56, 2003 A.M.C. 72 (S.D.Tx. 2002)(holding that because stipulation could not protect vessel owner from attorney fee and defense cost awards, stay would not be lifted).

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court accept the Ad Interim Stipulation for the Tug OSAGE and deny Claimant Robert Boody's motions to dismiss the limitation proceeding; or in the alternative to stay proceeding and remand action to State Court.

---

[3] It is our understanding that claimant El Sol intends to commence a third-party action against claimant Boody's employer, Caribie Corporation ("Caribie"), in the event the injunction restraining suits is lifted and the State Court action resumes. Undoubtedly, if Caribie is added as a party, it will also seek contribution and indemnity from Petitioner, which would mean yet another party's claim for attorneys fees

8

Dated: New York, New York
October 21, 2011

NICOLETTI HORNIG & SWEENEY
*Attorneys for Petitioner North East Marine, Inc.*

By: /s/ David R. Hornig

David R. Hornig (DH-1599)
Guerric S.D.L. Russell (GR-4845)
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
Tel: 212-220-3830
Fax: 212-220-3780
E-mail: dhornig@nicolettihornig.com
Our File: 100000530 (DRH/GSR)

TO:

HOFMANN & SCHWEITZER
Attorneys for Claimant
ROBERT BOODY
360 West 31st Street, Suite 1506
New York, New York 10001-2727
Tel. No.: (212) 465-8840
Facsimile: (212) 465-8849

Attention: Paul Hofmann, Esq.

PILLINGER MILLER TARALLO, LLP
Attorneys for Claimant
EL SOL CONTRACTING and
CONSTRUCTION CORPORATION
570 Taxter Road, Suite 275
Elmsford, New York 10523
Tel. No.: (914) 703-6300
File No.: LIB-00105/JTM
Facsimile: (914) 703-6688

Attention: Terry Hall, Esq.

---

and costs over which Boody would have no control.

HERZFELD & RUBIN, P.C.
Attorneys for Claimant
FRANCOIS GUILLET
125 Broad Street
New York, New York 10004
Facsimile: (212) 344-3333

<u>Attention</u>:    James Donat, Esq.

DOUGHERTY, RYAN, GIUFFRA, ZABMITO & HESSION
Attorneys for Claimant FRANCOIS GUILLET
and North East Marine, Inc.
131 East Thirty Eighth Street
New York, New York 10016-2680

<u>Attention</u>:    John J. Hession, Esq.