NICOLETTI HORNIG & SWEENEY
Wall Street Plaza, 7th Floor
New York, New York 10005-1801
Tel: (212) 220-3830
Fax: (212) 220-3784
Attorneys for Petitioner
NORTH EAST MARINE, INC.
Our File No.: 10000530 DRH/GSR
David R. Hornig, Esq.
dhornig@nicolettihornig.com
Guerric S.D.L. Russell, Esq.
grussell@nicolettihornig.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE PETITION OF
NORTH EAST MARINE, INC., AS OWNER OF
THE TUG ELENA, A 35' DECK BARGE AND A
40' DECK BARGE, FOR EXONERATION
FROM AND LIMITATION OF LIABILITY

09-CV-5600 (Amon, J.; Mann, M.J.)

### PETITIONER, NORTH EAST MARINE, INC.'S RESPONSE TO CLAIMANT ROBERT BOODY'S RULE 56.1 STATEMENT AND PETITIONER'S RULE 56.1 COUNTERSTATEMENT OF FACTS

The following constitutes NORTHEAST MARINE, INC. ("North East") reply to Claimant Robert Boody's Rule 56.1 Statement in opposition to Robert Boody's motion to dismiss the Limitation Proceeding, or alternatively to stay the proceeding in favor of remand to the State Court.

1.  On January 29, 2008, claimant Robert Boody was a construction worker employed by Caribe Construction Co. ("Caribe") on a construction project repairing the Cross-Bay Bridge (the "bridge") which crosses Jamaica Bay in Queens, New York. (Ex. 1, Testimony of Robt. Boody T20, 24).

**RESPONSE.** Agreed.

2. Caribe was a subcontractor to the general contractor, El Sol Construction ("El Sol") which had the main contract with the Metropolitan Transportation Authority to renovate the bridge deck. (Ex. 2, Testimony of Ernie Sanchez; Ex. 5, Testimony of Francoise Guillet T52).

**RESPONSE.** Agreed.

3. Ernie Sanchez is the President of Caribe Construction who testified at deposition in this matter. (see Ex. 2). Francois Guillet is the owner of Petitioner, North East Marine. He testified at deposition in this matter. (See Ex. 5).

**RESPONSE.** Agreed.

4. The work Caribe was performing involved installing along the bottom of the bridge structure a temporary scaffold to be used to do other construction work being done on the bridge deck. (Ex. 2, Boody T51; Ex. 5, Guillet T40).

**RESPONSE.** Agreed.

5. North East Marine, Inc. ("North East"), the petitioner was hired by Caribe to provide small tug boats and work barges to ferry Caribe's men and materials to perform the scaffold installation. The barges supported manlifts used by the men to access the bottom of the bridge. (Ex. 1, Boody T21-24, 42-43, 52, 59, 69; Ex. 5, Guillet T26, 40, 68).

**RESPONSE**: Agreed.

6. On January 29, 2008, Mr. Boody suffered an injury when he was upon a bridge abutment and column structure in the middle of Jamaica Bay supporting the bridge. (Ex. 3, Accident Report, Ex. 1, Boody T88-89).

**RESPONSE**: Disputed. Robert Boody did not know the number or location of the pier where his accident occurred. The site was not in the middle of Jamaica Bay. (*See*, Ex. A, Boody T89, 91)

7. The injury occurred shortly after he had stepped off a barge which had ferried him to the abutment where construction related activity was ongoing. (Ex. 1, Boody T88-100).

**RESPONSE**: Disputed. Mr. Boody was not going to an area where construction activities were ongoing. Rather, Mr. Boody had gotten off one barge, was walking around a pier to get onto another barge for the purpose of taking a coffee break when his alleged injuries occurred. (*See*, Ex. A, Boody T88, 94).

8. Mr. Boody was injured when a mooring line which ran from the vessel combination of the tug boat OSAGE and the barge it was pushing tightened up unexpectedly as the tug and barge were being driven to and moored to the bridge column in the area where Mr. Boody was located. (Ex. 1, Boody T88-110; Ex. 4, Testimony of Robt. Zervas T24-27, 33-35).

**RESPONSE**: Disputed. Mr. Boody stated that the line that caused his injury was tied or attached to a column and came from the barge that he had disembarked from. (*See*, Ex. A, Boody T. 103, 104). Mr. Boody testified that the line became taut or moved because of the choppiness of the water. (Ex. A, Boody T109, 110). Mr. Boody specifically testified that he had no recollection of the tug or barge moving at the time that his leg became trapped. (Ex. A, Boody T110). At the time of the accident Capt. Bob Zervas was standing on the barge that Mr. Boody had just gotten off. (Ex. A, Boody T112). After he became trapped Mr. Boody saw Capt. Bob Zervas run into the tug and back it up which caused the line to free up. (Ex. A, Boody T112; Ex. 3, Accident Report).

3

9. The barge being pushed by the OSAGE was either the SM1 or SM2, both of which were owned and operated by petitioner North East Marine, Inc., and likely was the SM2. (Guillet T23-24, 116-117).

**RESPONSE**: Disputed. Mr. Guillet had no personal knowledge of what occurred at the time of Mr. Boody's accident as he was not at the accident location that day. (Ex. 5, Guillet T93, 97). North East Marine owned four barges that were in operation on Jamaica Bay, the SM1, SM2 and two other unnamed barges. Mr. Guillet does not know which barge was being pushed by the OSAGE at the time of the accident and never asserted that it was the barge SM2. (Ex. 5, Guillet T23-25, 97).

10. Robert Zervas was a tugboat captain employed by North East Marine. His primary duty was to operate the Tug OSAGE, pushing the barge to which it was connected on this worksite. He was operating the OSAGE on the day of Mr. Boody's incident. (Zervas T13-15, 20, 24-25, 28-29).

**RESPONSE**: Agreed.

11. The small tug, called the OSAGE, was owned and operated by North East, as was the small barge. (Ex. 5, Guillet T23-24). The tug and barge were connected to each other by lines from the tug to the barge. The OSAGE was pushing the small barge up to the bridge abutment against which the two were to be tied. (Ex. 4, Zervas T13-15, 20, 24-25, 27-32; See Ex. 5, Guillet T25-27, 70-73, 153-55).

**RESPONSE**: Agreed in part and disputed in part. Agree that the Tug OSAGE was connected to an unidentified barge. Disputes that the OSAGE was pushing said barge at the time of the accident. According to Mr. Boody, the Tug OSAGE and barge had already stopped and Capt.

4

Robert Zervas was standing on the deck of the barge at the time of his accident. (Ex. A, Boody T36, 38, 46, 112; Ex. 3, Accident Report).

12. The injury occurred when one of the mooring lines from that tug-barge combination, which ran from the boats to secure them to the bridge column structure, tightened, or 'fetched up' trapping and pinning Mr. Boody against one of the columns. (Ex. 4, Zervas T32-35; Ex. 5 Guillet T92-99, 150).

**RESPONSE**: Disputed. Mr. Boody testified that the line which trapped and pinned his leg was a line secured to a column and that it fetched up or tightened when there was a passing wave. Mr. Guillet has no knowledge of what happened as he was not at the work site and Capt. Robert Zervas has a different recollection of events that conflicts with Mr. Boody's recollection of what occurred. (Ex. 5, Guillet T97; Ex. A, Boody T103-104, 109, 110, 112).

13. When the line tightened, it trapped Mr. Boody's legs, causing him to be injured. (Ex. 1, Boody T110, 116).

**RESPONSE**: Agreed in part and disputed in part. Dispute that Mr. Boody sustained an injury as a result of the incident (Ex. A, Boody T118-122)

14. How and why the line tightened is partially in dispute, however, there is no question that, by all accounts, Mr. Boody was caught by a line which connected the OSAGE and the North East barge, likely the SM2, to the pier. (Ex. 1, Boody T110, 116; Ex. 4, Zervas T34-35; Ex. 5 Guillet T92-99, 116-117, 150).

**RESPONSE**: Disputed. Mr. Boody's leg became trapped as a result of a line becoming taut because of the choppiness of the water at the time of occurrence. (See, Ex. A, Boody T110-111; Ex 3, Accident Report). The rope was brought to the location by the barge and was attached to a column. (See, Ex. A, Boody T103-104, Ex. 3, Accident Report). As previously

5

noted Mr. Guillet was not present and has no personal knowledge of the testimony. As also previously noted, Capt. Robert Zervas' recollection of events and Mr. Boody's are at odds as to what happened.

15. To recover for his on-the-job injuries, plaintiff commenced suit under New York law in the Supreme Court of New York, Queens County, on or about June 29, 2008. The complaint names as defendants, the Petitioner, North East marine, Inc. It also names the general contractor on the job site, El Sol Contracting, Inc. Additionally, Metro Marine, Inc., and Metro Marine Sales & Service, Inc., two entities related to North East, were named as defendants, but they have been dismissed by stipulation. Finally, the complaint also named Francois Guillet, the sole shareholder of North East Marine, Inc. for his alleged role in causing Mr. Boody's injuries. (Exhibit 6, Complaint, Boody v. North East Marine, et al., Queens County).

**RESPONSE**: Agreed in part and disputed in part. Plaintiff's claims in the Supreme Court of New York, Queens County, action are not governed by New York law.

16. Answers were filed by defendants North East Marine and El Sol Contracting. (See Exhibits 7 and 8).

**RESPONSE**: Agreed.

17. Francois Guillet has not answered the Queens County compliant, however, he has filed an answer and claim in the within proceeding. (Ex. 14).

**RESPONSE**: Agreed.

18. Between the defendants who answered in the Queens County action, North East and El Sol, there exist cross-claims and counter-claims for indemnity and contribution. (See Exhibits 7, 8 and 14).

**RESPONSE**: Agreed.

19. Similar claims for indemnity and contribution are made by El Sol and Guillet in this proceeding, as well. (See Exhibits 13 and 14).

**RESPONSE**: Agreed.

20. The Queens action compliant alleged that the negligence that led to Mr. Boody's injury was due to the negligence of the operation of the OSAGE. (See Ex. 6, Second Cause of Action).

**RESPONSE**: Disputed. The complaint alleges numerous causes of action and negligence of all the named defendants. (*See*, Exhibit "6")

21. On December 22, 2009, almost six months after it received the summons and complaint in the Queens action, this limitation of liability action was commenced upon the filing of the petition for limitation of liability filed by petitioner North East Marine, Inc. The petition named three vessels, the TUG ELENA and two unnamed barges. The petition did not name or allude to the OSAGE. (Ex. 10, Petition for Limitation by North East Marine, Inc.).

**RESPONSE**: Agreed.

22. As a consequence, the litigation previously filed on Mr. Boody's behalf in New York State Supreme Court in Queens County was stayed by this Court by order entered on February 19, 2010. (Ex. 11).

**RESPONSE**: Disputed. The District Court only stayed the claims against North East as Owner of the Tug ELENA and two unnamed barges. (*See*, Docket No. 3) Robert Boody's claims against other parties were not stayed and Boody could have continued to prosecute these claims.

23. Thereafter Mr. Boody filed an answer to the petition and a claim in this proceeding. (Exhibit 12).

**RESPONSE**: Agreed.

24. The claim and answer denied petitioner's right to limitation or exoneration, and plead other affirmative defenses. El Sol Contracting also filed an answer to the petition, and asserted various counter-claims. (Exhibit 13).

**RESPONSE**: Agreed.

25. Francoise (sic) Guillet, the owner of North East, filed an answer and claim. (Exhibit 14).

**RESPONSE**: Agreed.

26. As discovery and case preparation proceeded, claimant Boody, on August 25, 2010, prepared and served on petitioner proposed stipulations that, if filed, would lead to the court staying this limitation proceeding and remanding the case to Queens County Supreme Court for a liability and damages trial, preserving claimant's Savings to Suitors rights to a state jury trial, but would also preserve petitioner's right to a trial on the limitation issues in the federal court. (See Exhibit 15, letter of Paul Hofmann, August 25, 2011 with proposed stipulations).

**RESPONSE**: Disputed. This is a legal issue at the crux of the instant motion rather than a statement of undisputed fact. Furthermore, the stipulation did not adequately protect the limitation fund as set forth Docket Nos. 22 and 86.

27. The stipulations which plaintiff proposed in his counsel's letter dated August 25, 2010, claimant Robert Boody offered to the Petitioner the following stipulations to protect

8

Petitioner's limitation rights, while permitting Boody to return the action to the State court. The stipulations offered included:

> Provided the Court lifts its Injunction of February 19, 2010 and stays this action to permit the Claimant Robert Boody to proceed against the Petitioner North East Marine, Inc. and other defendants in the New York State court action previously commenced in Supreme Court, Queens County (Index No. 17243/09).
>
> It is hereby stipulated by Claimant Robert Boody by his attorneys, as follows:
>
> 1. Claimant ROBERT BOODY hereby agrees and concedes that petitioner NORTH EAST MARINE, INC. is entitled to and has the right to litigate all issues relating to limitation of liability pursuant to 46 U.S.C. § 183(a) in this court, and this court shall have exclusive jurisdiction to determine that issue.
> 2. Claimant will not seek in any state court any judgment or ruling on the issue of petitioner's right to limitation of liability.
> 3. Petitioner has the right to have this court determine the value of the vessel as it was immediately following the incident, and this court shall have exclusive jurisdiction to determine that issue.
> 4. Claimant hereby consents to waive any claim of *res judicata* based on any judgment that may be entered or which may be recovered in any state court proceeding to the extent it would affect petitioner's right to seek limitation of liability in this court.
> 5. In event that in any state court proceeding there is a judgment entered against the Petitioner, or any other liable party who may cross-claim or claim over against petitioner in this proceeding, or in any state court proceeding arising from or based upon the event or events underlying the filing of the petition for limitation of liability in this matter and said judgment is for an amount in excess of the amount stipulated by petitioner as the value of the vessel after the

9

    occurrence, or such other amount found by the Court pursuant to Supplemental Admiralty Rule F. or later stipulated to by the parties ("the vessel's value"), then Claimant stipulates and agrees that he shall not seek to enforce said judgment or recovery insofar as same may expose Petitioner to liability in excess of the vessel's value pending adjudication and resolution of the within Limitation of Liability proceeding.

6. Claimant stipulates and agrees that if Petitioner is held to be responsible or liable for attorneys' fees and costs which may be assessed against it through a claim asserted by a co-liable defendant or party seeking indemnification therefor, then such claims shall have priority over the claim asserted by Claimant in the event that Petitioner is found by this court to be entitled to limitation of its liability.

(Exhibit 19, proposed stipulation executed by Boody, El Sol, Guillet and North East Marine by separate counsel, submitted as supplemental submission to MJ Mann, 1/4/12).

**RESPONSE:** Disputed. The evidence (Ex. 19) cited by Mr. Boody does not support the this purported statement of fact. Furthermore, counsel for North East in the Limitation Action is not John Hession, who is personal counsel to Francois Guillet and also acts as general counsel and/or advisor for North East but is *not* their counsel in this matter. North East's counsel of record has not signed the referred to stipulation nor does it consent to transferring the case back to the state court. Moreover, the stipulation did not adequately protect the limitation fund as set forth Docket Nos. 22 and 86.

28. Petitioner rejected the proffered stipulations, and threatened to seek Rule 11 sanctions for claimant Boody attempting to obtain a stay of the admiralty proceeding and a remand of the case to Queens County. (See Exhibit 16, letter of David Hornig, Esq.).

**RESPONSE:** Agreed in part and disputed in part. The stipulation was rejected because it did not adequately protect the limitation fund. North East threatened Rule 11 sanctions on the basis

10

that Mr. Boody erroneously and frivolously claimed that this action involved a single claimant when the overwhelming case law suggests that this is a multiple claimant proceeding. (*See*, Exhibit 16 and Docket Nos. 22 and 86)

29. El Sol, Francoise (sic) Guillet and North East Marine (through its separate retained counsel, Dougherty Ryan Giuffra Zambito & Hession, and not through Petitioner, which was hired by an insurer) executed the stipulations proposed by claimant Boody. (Exhibit 19, annexed).

**RESPONSE**: Disputed. John Hession, Esq. is not counsel of record in this proceeding for North East and therefore has no authority to sign any pleadings or stipulations on their behalf.

30. At the time of the making of the motion in September 2011, counsel for El Sol had advised that they would execute the stipulation, see Exhibit 18, letter of Pilliner Miller Tarallo 8/12/11, and counsel for Mr. Francoise (sc) and North East by counsel Dougherty Ryan had also advised that they would agree. As Exhibit 19 shows, each executed the stipulation.

**RESPONSE**: Disputed. John Hession, Esq. is not counsel of record in this proceeding for North East and therefore has no authority to sign any pleadings or stipulations on their behalf.

31. Over one and half years ago, on September 13, 2010, claimant Boody requested of the court permission to make a motion to stay these proceedings and remand the case back to Supreme Court, Queens County. (Exhibit 17, letter of plaintiff's counsel, September 13, 2010).

**RESPONSE**: Agreed.

32. A conference was held in December 2010 at which the court denied plaintiff's request to make a motion at that time, since there were several discovery issues to be resolved. The court advised the parties that it would consider entertaining the request for the claimants to make such a motion at a later date if the parties still wished to raise the issue.

11

**RESPONSE**: Agreed.

33. Claimant Boody has obtained the court's permission to make the motions involved herein, to wit, a motion to dismiss outright the petition as being irreparably defective in that petitioner failed to include the at-fault vessel, the Tug Osage, in the petition, and the alternative request for relief, an order staying these federal proceedings in favor of the Queens County litigation.

**RESPONSE**: Agreed.

34. Mr. Guillet is the owner, shareholder and officer of North East. (Ex. 5, Guillet T20).

**RESPONSE**: Agreed.

35. Petitioner, North East, does not assert a claim against Mr. Guillet. (See Ex. 10).

**RESPONSE**: Agreed.

36. Mr. Guillet does not assert a claim of breach of fiduciary duty, fraud or anything else that would entitle him to damages against North East. He asserts no contract action *against North East* for failure to defend, appoint counsel, etc. (Se Ex. 5, Guillet dep; Ex. 14, Guillet answer and claim).

**RESPONSE**: Agreed.

37. The proceeding was brought on behalf of the Tug ELENA and two unnamed barges. The ELENA, the petitioner must concede, was not involved in the incident. The only evidence adduced shows that the under power vessel pushing the barge from which Mr. Boody alighted was the Tug OSAGE. (Ex. 4, Zervas T13-15, 20, 24-25, 27-32; See Ex. 5, Guillet T25-27, 70-73, 153-55).

**RESPONSE**: If claimant Boody is making no claim that the Tug ELENA was in any way responsible for his alleged injuries and that neither the 35' nor 40' Deck Barges were in any manner responsible for his injuries and no claim is being made against any of those vessels, then the Court should grant North East Marine as Owners of those vessels exoneration from liability. Robert Boody would then be able to litigate any other claims in his state court action, which has never been stayed as to any other parties. North East, in the state court action in their Answer, claims that none of their vessels are liable for Robert Boody's alleged injuries.

38. The Tug Osage is not named in this limitation proceeding. (See Ex. 10, Petition).

**RESPONSE**: Disputed. North East has tendered a bond to include the Tug OSAGE in the limitation fund. (See, Ex. B)

39. In that the state court personal injury complaint was filed in 2009, and it specifically states that the OSAGE was the offending vessel causing claimant's injuries, any attempt to amend the current action to add the OSAGE would be beyond the six month limitation period stated within the Limitation of Liability Act for doing so. (See Ex. 6, State Court Complaint).

**RESPONSE**: Disputed. This is a legal issue at the crux of the instant motion rather than a statement of undisputed fact. Furthermore, the law permits North East to add a bond for the value of the Tug OSAGE as set forth in North East's Memorandum of Law in Opposition.

40. Claimant Boody argues that the entire limitation proceeding is fatally defective and should be dismissed because petitioner failed to include the at-fault vessel, the Tug Osage, in the limitation proceeding. (See Claimant's Brief in Support of Motion).

**RESPONSE**: Disputed. This is a legal issue at the crux of the instant motion rather than a statement of undisputed fact. Furthermore, the absence of the Tug OSAGE in the initial limitation fund is not fatally defective as set forth in North East's Memorandum of Law in Opposition. Alternatively, if the Court does not permit North East to add the value of the Tug OSAGE to the limitation fund, the Court should grant exoneration for the Tug ELENA, the 35' deck barge and 40' deck barge in light of Claimant Boody's admission that they were not involved in the subject incident or his alleged injuries.

Dated: New York, New York
June 1, 2012

> NICOLETTI HORNIG & SWEENEY
> Attorneys for Petitioner
> NORTH EAST MARINE, INC.
>
> By: _____
> David R. Hornig (DH 1599)
> Guerric S.D.L. Russell (4845)
> Wall Street Plaza
> 88 Pine Street, 7th Floor
> New York, New York 10005-1801
> Telephone No.: (212) 220-3830
> Facsimile No.: (212) 220-3780
> E-Mail: dhornig@nicolettihornig.com
> grussell@nicolettihornig.com
> (FILE NO.: 10000530 DRH/GSR)

TO:

HOFMANN & ASSOCIATES
Attorneys for Claimant
ROBERT BOODY
360 West 31st Street, Suite 1506
New York, New York 10001-2727
Tel. No.: (212) 465-8840

Attention:   Paul Hofmann, Esq.


PILLINGER MILLER TARALLO, LLP
Attorneys for Claimant
EL SOL CONTRACTING and
CONSTRUCTION CORPORATION
570 Taxter Road, Suite 275
Elmsford, New York 10523
Tel. No.: (914) 703-6300
File No.: LIB-00105/JTM

Attention:   Terry Hall, Esq.


DOUGHERTY, RYAN, GIUFFRA, ZABMITO & HESSION
Attorneys for Claimant FRANCOIS GUILLET
and North East Marine, Inc.
131 East Thirty Eighth Street
New York, New York 10016-2680

Attention:   John J. Hession, Esq.

T:\grussell\1-530\RESPONSE TO RULE 56 (5 31 12) mar.doc