FILED
U.S. CLERK'S OFFICE
URT E.D.N.Y.

SEP 27 2012 ⋆

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NORTH EAST MARINE, INC.,

                     Petitioner,

   - against -

ROBERT BOODY, et al.,

                     Claimants.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-CV-5600 (CBA) (RLM)

AMON, Chief United States District Judge.

On December 22, 2009, North East Marine, Inc. ("NEM") filed a petition pursuant to the Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30501 et seq., to limit its liability for claims arising out of an accident involving NEM's vessels. Claimant Robert Boody subsequently filed a motion to dismiss, or alternatively, to stay the limitation of liability proceeding. Counsel to Francois Guillet, NEM's president and sole shareholder, filed a motion to discharge NEM's insurer-provided counsel and to compel its insurer, Northern Assurance, to assume liability for NEM's defense, indemnify it, and pay the legal fees and costs of independent counsel. The Court referred both matters to Magistrate Judge Roanne L. Mann for report and recommendation.

On July 5, 2012, Magistrate Judge Mann issued a thorough and persuasively reasoned Report and Recommendation ("R&R") recommending that the Court (1) deny Boody's motion to dismiss the limitation proceeding while allowing NEM to file an amended petition for limitation of liability and supplemental ad interim stipulation for value; (2) find that the claimants' amended stipulation adequately protects NEM's limitation rights; (3) stay the instant limitation proceeding and allow Boody to pursue his personal injury action in state court; (4) deny Guillet's

1

separate motion to discharge NEM's insurer-provided counsel; and (5) decline to consider Guillet's claims against Northern Assurance. As set forth in Magistrate Judge Mann's order of July 11, 2012, NEM filed an amended petition on July 10, 2012 (DE #93) and a supplemental ad interim stipulation for value on October 20, 2011(DE #77-4), which she recommends that this Court accept. (DE #94.) Claimants Boody and El Sol filed timely objections to the R&R's recommendation to deny Boody's motion to dismiss and permit NEM to amend its petition. Guillet filed a timely objection to the R&R's recommendations to deny his motion to discharge counsel and to decline to consider his claims against Northern Assurance. Having considered the parties' objections, the Court adopts the R&R in full for the reasons stated below.

## BACKGROUND

The Court assumes the parties' familiarity with the history of this litigation and incorporates by reference the statement of facts set forth in the R&R.

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

**I. North East Marine Is Permitted to Amend its Petition to Name the Correct Flotilla**

Boody and El Sol both object to allowing NEM to amend its petition and the limitation fund to include the at-fault vessel, the Tug Osage. Boody contends that: (1) NEM's failure to name the correct vessel is a fatal defect warranting dismissal of the petition, and any amendment to the petition is time-barred; and (2) allowing NEM to amend the petition would be improper due to NEM's "unexplained, undue delay" in seeking leave to amend and possible prejudice to Boody. El Sol claims that it will also be prejudiced by the amendment because, it asserts, the stay on Boody's state court action has prevented all aspects of that case from moving forward. (El Sol Obj. at 2.) Both sets of objections are without merit.

### 1. Robert Boody's Objections

In rejecting Boody's first contention—a largely verbatim repetition of arguments already explicitly rejected by Magistrate Judge Mann—the Court agrees with the well-reasoned analysis set forth in the R&R.

First, as Magistrate Judge Mann points out, the Second Circuit has found dismissal a proper sanction in situations in which a petitioner affirmatively refuses to surrender the at-fault vessel. See In re Petition of U.S. Dredging Corp., 264 F.2d 339, 339, 341 (2d Cir. 1959) (affirming trial court's order dismissing the appellant's limitation petition "unless it surrendered the five additional vessels" involved in the employees' injuries); Standard Dredging Co. v. Kristiansen, 67 F.2d 548, 549 (2d Cir. 1933) (affirming order that "dismissed the petition, unless the petitioners surrendered the dredge as well"). That is not the case here. NEM has amended the petition and supplemented the limitation fund to include the Tug Osage. Indeed, NEM has seemingly been more inclusive than required: The R&R stated that "because it is uncontested that the Tug Elena was not involved in the accident, the Court will not require North East Marine

3

to include the Tug Elena in its amended petition." (R&R at 11.) Nonetheless, NEM included both the Tug Osage and the Tug Elena in its amended petition. (See DE #93, at 1, ¶ 17.) Dismissal is thus not warranted.

The cases cited by Boody are not to the contrary. In <u>Sacramento Nav. Co. v. Salz</u>, 273 U.S. 326, 331 (1927), the Court stated only that "<u>without surrendering both vessels</u>, the owner [is] not entitled to the advantages of Revised Statutes . . . providing for a limitation of liability." <u>Id.</u> at 331 (emphasis added). Similarly, the court in <u>The Capt. Jack</u>, 169 F. 455 (D. Conn. 1909), indicated that the petition was problematic only because the petitioner refused to surrender all of the vessels involved in the accident. <u>Id.</u> at 459 (noting that no authority "would warrant the petitioner in expecting that upon the facts before this court he would be able to obtain the benefits which he seeks without first surrendering the entire wrecking outfit").

Second, Boody continues to press the unpersuasive argument that NEM's proposed amendment is barred by LOLA's six-month statute of limitations. (Boody Obj. at 14.) "It is . . . the long-established rule [in American admiralty courts] that omissions and deficiencies in pleadings may be supplied and errors and mistakes in practice in matters of substance as well as of form may be corrected at any stage of the proceedings." <u>Petition of A/S J. Ludwig Mowinckels Rederi</u>, 268 F. Supp. 682, 689 (S.D.N.Y. 1967) (quoting <u>Deupree v. Levinson</u>, 186 F.2d 297, 303 (6th Cir. 1950)); <u>see also Blanco v. United States</u>, 464 F. Supp. 927, 933 (S.D.N.Y. 1979) (noting the "tradition of liberality in the amendment of pleadings in admiralty"). As carefully explained in the R&R, an amendment to a LOLA petition may therefore relate back to the original filing despite the intervening statute of limitations so long as the original petition was timely filed. <u>See Rederi</u>, 268 F. Supp. at 688-89 ("[I]t is equally clear that if the petition and stipulation for value are filed within such [six-month] period the right to a concourse of

4

claimants is preserved, whether or not the petition at the time of filing embodies all claims"); see also Fed. R. Civ. P. 15(c); Black Diamond S.S. Corp. v. Robert Stewart & Sons, 336 U.S. 386, 395 (1949) ("[I]n view of the six-month limitation on proceeding under [LOLA], remand to the District Court in order to give [petitioner] an opportunity to file a larger bond would have been a better course, since the defect was not jurisdictional, than affirmance of dismissal of the petition."); In re Midland Enters., Inc., 296 F. Supp. 1356, 1363-64 (S.D. Ohio 1968) (rejecting argument that "the failure of the petitioners to transfer the [at-fault vessel] (or deposit her value) within the six month period is a jurisdictional defect" warranting dismissal).

Boody's remaining contention is similarly without merit. Boody insists that allowing the amendment would be an abuse of discretion because, he claims, NEM intentionally omitted naming the Tug Osage causing undue delay and prejudice. (Boody Obj. at 11-12, 17-18). Boody, however, cites no evidence that NEM engaged in intentional misconduct, acted in bad faith, or unduly prolonged this proceeding. See Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (leave to amend may be denied in cases of "futility, bad faith, undue delay, or undue prejudice to the opposing party"). In fact, it is undisputed that in his answer to NEM's original petition, filed in March 2010, Boody did not raise any objection to the vessels named. (DE #9; R&R at 6.) It was not until July 21, 2011 that the omission of the Tug Osage from the LOLA petition was first brought to the Court's attention by Francois Guillet. (See DE #57 at 2). Only thereafter, on August 1, 2011, did Boody notify the Court of his intention to move to dismiss the petition on the basis of this defect. (DE #59.) The Court thus finds Boody's accusations of purposeful delay unconvincing given that he himself waited over one and a half years before raising this issue. Boody's suggestion of prejudice, moreover, is no more than mere speculation that NEM might not own the Tug Osage (a claim unsupported by the current record) or that the

Tug Osage might have depreciated (a claim obviated by the fact that the posted stipulation for value represents the value of the vessel at the time of the accident). (See Boody Obj. at 17; DE #77-4.)

None of Boody's objections thus provide any reason for the Court to deviate from Magistrate Judge Mann's recommendation to permit NEM to amend its petition.

### 2.   El Sol's Objections

El Sol similarly argues that it will be severely prejudiced if NEM is permitted to amend. As an initial matter, this Court notes that El Sol did not participate in the underlying motions before Magistrate Judge Mann, and thus this Court need not consider El Sol's objections. See Fin. Life Servs., LLC v. N. Bergman Ins. Trust, No. 10 CV 4499, 2011 WL 4434205, at *4 (E.D.N.Y. Sept. 22, 2011) ("[A] district court will generally 'refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.'") (citation omitted). In any event, El Sol has not shown how the amendment will cause any prejudice or delay. In conjunction with her recommendation to allow the amendment, Magistrate Judge Mann also recommends that this Court stay the limitation proceeding and lift the injunction on the state court personal injury action. As a result, allowing NEM to amend its petition would cause no further delay to the adjudication of the underlying liability claims. Indeed, the only apparent effect at this point of allowing the amendment is potentially to limit the claimants' ultimate recovery, which is the very purpose of LOLA. (See R&R at 8.)

Insofar as El Sol is troubled by the amount of time that has already been spent on these proceedings, the Court, as discussed previously, is not convinced that those general delays, which cannot at any rate be recouped, are a product of bad faith on the part of NEM. See State Teachers Retirement Bd. v. Flour Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Mere delay, . . .

absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."). Not only does El Sol's two-page memorandum contain no citations to legal authority, it simply cites no authority to support the proposition that already-incurred time spent on a limitations proceeding is grounds for denying an otherwise proper amendment to a LOLA petition—especially where, as here, the state court injunction is being lifted at the same time. As noted above, moreover, no party raised any issues with NEM's petition until mid-2011 despite being on ample notice that the Tug Osage was omitted. See Oneida Indian Nation v. County of Oneida, 199 F.R.D. 61, 75 (N.D.N.Y. 2000) (rejecting undue delay argument where delay was "occasioned by all of the parties to this litigation").

Accordingly, as recommended by Magistrate Judge Mann, the Court accepts NEM's amended petition and supplement to the limitation fund and denies Boody's motion to dismiss the limitation proceeding. Furthermore, as no party has objected to the R&R's recommendation to accept the claimants' amended stipulation, stay the instant LOLA proceeding, and lift the injunction on Boody's state court action, this Court is satisfied that those recommendations are not clearly erroneous or contrary to law and adopts those portions of the R&R in full.

## II. The Court Declines to Discharge North East Marine's Insurer-Provided Counsel

Guillet objects to the R&R's recommendation to deny his motion to discharge counsel for NEM in a nine-paragraph memorandum that does not contain a single citation to legal authority and is based principally on unsupported speculation. The Court agrees with the R&R that allowing NEM, through Nicoletti Hornig as counsel, to amend its petition and limitation fund to include the Tug Osage alleviates the concerns raised in the original motion to discharge.

Guillet's objections amount to mere conjecture, unsupported by evidence, about whether Northern Assurance will indemnify the Tug Osage and how the outcome of that determination

7

might affect the motives of Nicoletti Hornig.  (See Guillet Obj. ¶¶ 2-4, 6-8.)  These musings, however, fail to explain how Northern Assurance would benefit from the omission of the Tug Osage from this proceeding given that the failure to surrender the correct flotilla would prevent NEM, and ultimately its insurer, from obtaining the advantages of LOLA.  Regardless, Guillet presents nothing to rebut the sworn affidavit of David Hornig stating that his firm has no involvement in Northern Assurance's policy coverage determinations for the accident at issue, and, in any event, any dispute NEM may ultimately have with Northern Assurance over indemnity issues is not before this Court.

Guillet, furthermore, has not adequately explained how these insurance coverage decisions are at all relevant to this limitation proceeding, particularly in light of the R&R's recommendation to lift the injunction on the state court action that will adjudicate the issues of liability.  By amending NEM's petition to include the Tug Osage, Nicoletti Hornig sufficiently protects NEM's interests in this proceeding because it allows NEM to seek to limit any liability for injuries involving the Tug Osage, the inquiry relevant here.[1]  The Court thus adopts in full the R&R's recommendation to deny Guillet's motion to discharge Nicoletti Hornig as counsel for NEM.

## III. The Court Rejects Guillet's Remaining Contentions

Guillet's remaining arguments regarding the propriety of considering claims against non-party insurer Northern Assurance and reimbursement for out-of-pocket costs incurred for obtaining independent counsel are likewise unavailing.

First, Guillet offers a mere two-sentence objection to Magistrate Judge Mann's recommendation to decline to consider his claims, amounting to "an uncharged insurance

---

[1] To the extent that Guillet feels that Nicoletti Hornig cannot adequately defend NEM's interests against Boody's personal injury claims, any appropriate application should be made to the state court presiding over that action, and Guillet fails to explain why that is not the case.  (See Guillet Obj. ¶ 7.)

coverage dispute," against non-party Northern Assurance. (R&R at 27.) Guillet asserts only that Northern Assurance's non-party status is "easily cured by a motion to amend the pleadings in the case to add Northern Assurance as a third-party defendant, which Mr. Guillet, by independent counsel, will file forthwith." (Guillet Obj. ¶ 9.) Setting aside the fact that Guillet never made this suggestion to Magistrate Judge Mann in the underlying motion, nor has he, to date, filed such a motion to amend, Guillet has presented no support for his assumption that it would even be proper to add such a third-party insurance claim to this limitation proceeding.

Second, insofar as Guillet asserts in passing that "this Court should allow Mr. Guillet to recoup his out-of-pocket expense of having to retain independent counsel" because that counsel "effectively forced Mr. Hornig to change his position and include the Tug Osage in the limitation proceedings" (Guillet Obj. ¶ 5), the Court declines to entertain such a cursory and conclusory request that omits any legal authority and fails to counter the R&R's finding that independent counsel's actions here have been "entirely unnecessary" or, at best, of "questionable value." (R&R at 28.) Finally, to the extent Guillet implies that Northern Assurance should pay for his independent legal fees, the Court declines to consider such a claim against the non-party insurer for the reasons stated above.

## CONCLUSION

Magistrate Judge Mann's thorough and well-reasoned R&R strikes a reasonable and appropriate balance between all the interests involved in this proceeding, and the Court adopts it in its entirety. Accordingly, it is hereby ORDERED that:

1. The Court accepts NEM's amended petition for limitation of liability that includes the Tug Osage (DE #93) as well as its supplemental ad interim stipulation for value (DE #77-4);

2. Boody's motion to dismiss the instant limitation proceeding is denied;

9

3. The claimants' amended stipulation is accepted as adequately protecting NEM's limitation rights (DE #85);

4. The instant limitation proceeding is stayed, and the injunction on Boody's state court action is lifted;

5. Guillet's motion to discharge NEM's insurer-provided counsel, as well as the other claims for relief contained therein, is denied.

SO ORDERED.

Dated: Brooklyn, New York
         September 26, 2012

Carol Bagley Amon
Chief United States District Judge